# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MAGMA POWER, LLC,

    Plaintiff,

v.

QUESTEL SAS, HILLCREST DAVIDSON & ASSOCIATES, LLC, and KENNY WILLIAMS

    Defendants.

Case No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Magma Power, LLC ("Plaintiff" or "Magma Power"), by and through undersigned counsel, sues Defendants Questel SAS ("Questel"), Hillcrest Davidson and Associates, LLC ("Hillcrest Davidson"), and Kenny Williams ("Williams") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from fraudulent, deceptive, and defamatory conduct by Defendants, who, in an attempt to collect a disputed debt, intentionally spread false and misleading statements to Magma Power's customers, vendors, and partners, causing severe harm to Plaintiff's business relationships and reputation.

2. Beginning around March 2025, Defendant Kenny Williams, acting as an employee of Hillcrest Davidson and on behalf of Questel, falsely claimed that Magma Power was "under investigation" and implied that this investigation

was related to a government agency, when in fact Williams was merely a collection agent attempting to collect a long-disputed credit balance.

3. Defendants' actions constitute fraud, unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., tortious interference with business relationships, defamation, and libel, resulting in the loss of $100 million in potential business opportunities.

4. Plaintiff seeks compensatory, special, and punitive damages exceeding $100 million and injunctive relief to prevent further dissemination of false and defamatory statements and to halt unlawful debt collection practices.

## THE PARTIES

5. Plaintiff MAGMA POWER, LLC is a Florida limited liability company headquartered in Hillsborough County and doing business throughout the state of Florida.

6. Defendant QUESTEL SAS is a company incorporated in France under reference number 329326896 RCS Paris, with its registered office at 23 Rue d'Antin, 75002 Paris, France. Questel SAS is directed by Questel International SASU, represented by Charles Besson.

7. Defendant HILLCREST DAVIDSON AND ASSOCIATES, LLC is a Texas limited liability company with its principal place of business at 1771

International Pkwy, Suite 101, Richardson, TX 75081-1897. Hillcrest Davidson operates as a third-party debt collection agency.

8. Defendant KENNY WILLIAMS is, upon information and belief, a resident of Texas and an employee or agent of Hillcrest Davidson. He is sued in his individual and professional capacities.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as there is complete diversity of citizenship between Plaintiff, a Florida limited liability company whose members are citizens of Florida, and Defendants: Questel SAS, a French company; Hillcrest Davidson, a Texas limited liability company; and Kenny Williams, a citizen of Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida, including in Miami-Dade County, where the harm to Plaintiff's business relationships was felt.

11. Personal jurisdiction is proper over Defendants because they: (a) purposefully directed fraudulent and defamatory communications into this District, targeting Plaintiff's business relationships; (b) made fraudulent statements aimed at Plaintiff, knowing it is located in this jurisdiction; and (c) caused harm to Plaintiff in this District through their tortious conduct.

## FACTUAL BACKGROUND

12. Magma Power, LLC is a Florida-based company engaged in innovative energy solutions. It has established relationships with customers, vendors, and partners critical to its business operations.

13. Questel SAS claims a disputed credit balance against Magma Power, which Magma Power has long contested as invalid. Questel placed this alleged debt with Hillcrest Davidson, a third-party debt collection agency, for collection on a contingency basis.

14. Beginning around March 2025, Defendant Kenny Williams, acting as an employee or agent of Hillcrest Davidson and on behalf of Questel, contacted Magma Power's customers, vendors, and partners, intentionally spreading false and misleading statements to interfere with these business relationships.

15. Williams falsely claimed that Magma Power was "under investigation" and that he was responsible for initiating this investigation, implying that it was conducted by a government agency. In truth, Williams was merely a collection agent attempting to pressure Magma Power into paying the disputed debt.

16. These false and defamatory statements were made with actual malice, as Defendants knew or recklessly disregarded their falsity, and were designed to damage Magma Power's reputation and coerce payment of the disputed debt.

17. As a direct result of Defendants' actions, Magma Power has suffered the loss of $100 million in potential business opportunities, as customers, vendors, and partners have severed or curtailed relationships with Plaintiff based on the false claims of an investigation.

18. Defendants' conduct violates the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., and constitutes fraud, defamation, libel, and tortious interference with business relationships under Florida law.

## LEGAL BASIS

19. FDUTPA is intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2); *see also Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So. 2d 602, 605-06 (Fla. 2d DCA 1997).

20. A deceptive practice is one that is "likely to mislead" consumers. *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000). An unfair practice is one that "offends established public policy" and is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co. of Boca Raton*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001) (quoting *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976)).

21. Defendants' false claims of a government investigation constitute deceptive and unfair practices under FDUTPA, as they were likely to mislead Plaintiff's

business contacts and were oppressive, unethical, and substantially injurious to Plaintiff's business.

22. Under Florida law, defamation is defined as "the unprivileged publication of false statements which naturally and proximately result in injury to another." *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310 (2020). To state a claim for defamation, a plaintiff must plausibly allege: (1) publication; (2) falsity; (3) the defendant acted with knowledge or reckless disregard as to the falsity (actual malice) or at least negligently; (4) actual damages; and (5) the statement must be defamatory. *Id.*; *Berisha v. Lawson*, 378 F. Supp. 3d 1145 (2018).

23. The actual malice standard requires that the defendant made the defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Moore v. Cecil*, 488 F. Supp. 3d 1144 (2020). The test is subjective, focusing on whether the defendant "actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Berisha*, 378 F. Supp. 3d at 1145; *Turner v. Wells*, 879 F.3d 1254 (2018).

24. Here, Kenny Williams knew he was not acting on behalf of any government agency in pursuing any "investigation" of Magma Power. His statements were false, and he recklessly disregarded their truth, satisfying the actual malice standard.

25. A statement may be defamatory *per se* if it suggests that someone has committed a dishonest or illegal act. *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110 (2021). Such statements are "so obviously defamatory" that they give rise to a presumption of malice and damage. *Id.* By suggesting that Magma Power was "under investigation," Defendants intended to imply dishonest or illegal conduct, meeting the requirements for defamation *per se*.

26. To prove tortious interference with business relations under Florida law, a plaintiff must establish: (1) the existence of a business relationship under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff resulting from the interference. *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240 (2014); *Open Sea Distrib. Corp. v. Artemis Distrib., LLC*, 692 F. Supp. 3d 1151 (2023).

27. Magma Power had business relationships with customers, vendors, and partners; Defendants knew of these relationships and intentionally interfered by spreading false statements, causing $100 million in lost opportunities.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Fla. Stat. § 501.201 et seq.)**

(Against Hillcrest Davidson and Kenny Williams)

28. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

29. Defendants Hillcrest Davidson and Kenny Williams, as third-party debt collectors, attempted to collect a disputed debt on behalf of Questel SAS.

30. In doing so, Defendants violated FDUTPA by engaging in deceptive and unfair practices, including:

    a. Making false and misleading representations, including falsely implying a government investigation, which were likely to mislead Plaintiff's business contacts.

    b. Engaging in oppressive and unethical conduct by contacting third parties to spread false claims, causing substantial injury to Plaintiff's business.

    c. Employing unconscionable tactics to harm Plaintiff's business relationships in the course of debt collection activities.

31. These practices were conducted in "trade or commerce" as defined by Fla. Stat. § 501.203.

32. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages, including loss of business opportunities, reputational harm, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in its favor, award actual damages, attorney's fees, and costs pursuant to Fla. Stat. § 501.211, and grant such other relief as the Court deems just and proper.

## COUNT II

## DEFAMATION PER SE
(Against All Defendants)

33. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

34. Defendants made false and defamatory statements, both orally and in writing, claiming that Magma Power was "under investigation" and implying a government agency's involvement.

35. These statements imputed to Plaintiff conduct and characteristics incompatible with its lawful business operations, injuring its reputation and business relationships.

36. The statements were published to third parties (customers, vendors, and partners) without privilege or authorization.

37. The statements were made with actual malice, as Defendants knew or recklessly disregarded their falsity, with the intent to harm Plaintiff's business.

38. As a direct and proximate result, Plaintiff has suffered damages, including $100 million in lost business opportunities, reputational harm, and legal expenses.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in its favor, award damages in an amount to be determined at trial, including punitive damages, and grant such other relief as the Court deems just and proper.

## COUNT III

## DEFAMATION PER QUOD

(Against All Defendants)

39. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

40. Defendants' statements required extrinsic evidence to reveal their defamatory meaning, as the false claim of an "investigation" implied criminal or unethical conduct.

41. Defendants acted with actual malice or negligence in making these false statements.

42. As a result, Plaintiff suffered special damages, including $100 million in lost business opportunities and reputational harm.

**WHEREFORE**, Plaintiff respectfully requests judgment as set forth above.

## COUNT IV

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

(Against All Defendants)

43. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

44. Plaintiff had valid and enforceable business relationships with customers, vendors, and partners, known to Defendants through their communications.

45. Defendants intentionally interfered with these relationships by publishing false and defamatory statements, causing third parties to sever or curtail ties with Plaintiff.

46. The interference was unjustified and caused Plaintiff harm, including $100 million in lost business opportunities.

**WHEREFORE**, Plaintiff respectfully requests judgment as set forth above.

## COUNT V
## FRAUD
(Against All Defendants)

47. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

48. Defendants knowingly made false representations, including claiming a government investigation, with the intent to deceive Plaintiff's business contacts and induce them to terminate relationships with Plaintiff.

49. Plaintiff's business contacts relied on these false representations, resulting in severed relationships and $100 million in lost opportunities.

50. Defendants' actions were willful and malicious, justifying punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as set forth above.

## COUNT VI
## VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Fla. Stat. § 501.201 et seq.)

(Against Questel SAS)

51. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

52. Defendant Questel SAS, through its agents Hillcrest Davidson and Kenny Williams, engaged in deceptive and unfair practices in the conduct of trade or commerce by directing or authorizing the spread of false claims about a government investigation to harm Plaintiff's business.

53. These practices were likely to mislead Plaintiff's business contacts and were oppressive, unethical, and substantially injurious to Plaintiff.

54. As a direct and proximate result, Plaintiff suffered actual damages, including $100 million in lost business opportunities.

   **WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in its favor, award actual damages, attorney's fees, and costs pursuant to Fla. Stat. §501.2105, and grant such other relief as the Court deems just and proper.

## COUNT VII
## INJUNCTIVE RELIEF
(Against All Defendants)

55. Plaintiff realleges paragraphs 1–27 as if fully set forth herein.

56. Plaintiff seeks a narrowly tailored injunction restraining Defendants from further spreading false statements about Magma Power being "under investigation" or implying government involvement, and from engaging in deceptive and unfair debt collection practices in violation of FDUTPA.

57. Plaintiff has no adequate remedy at law because monetary damages alone cannot repair the ongoing and irreparable harm to its reputation, business

relationships, and future economic opportunities caused by Defendants' continued conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a permanent injunction prohibiting Defendants from republishing the false and defamatory statements and from engaging in deceptive and unfair debt collection practices, following a full trial on the merits.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial as to all issues so triable.

Dated: April 30, 2025

        Respectfully submitted,

        By:_____
        **Carl D. Berry**
        FL Bar No. 81132
        The Strategic Legal Group, PLLC
        300 S.E. 2nd Street
        Sixth Floor
        Fort Lauderdale, FL 33301
        (561) 910-0900
        c.berry@thestrategiclegalgroup.com
        *Counsel for Plaintiff*